No. 13,073.

Mrs. J. A. HEWITT vs. M. F. BUVENS, THIRD OPPOSITION OF ARDIS & Co. IN RE SIMMONS HARDWARE COMPANY APPLYING FOR CERTIORARI OR WRIT OF REVIEW TO THE COURT OF APPEALS, FIRST CIRCUIT, STATE OF LOUISIANA.

### SYLLABUS.

The Circuit Court of Appeals was competent and had jurisdiction to finally determine whether the attachments were concurrent.

The court decided that they were concurrent, and that the creditors were entitled to a *pro rata* division of the proceeds.

The Supreme Court declined to disturb the decree and to issue an order *nisi* as it is manifest on the face of the papers that the conclusion would be the same on the merits.

*W. P. Good* for Petitioner.

Submitted January 27, 1899.
Opinion handed down February 6, 1899.

The opinion of the court was delivered by

BREAUX, J. Relator, the Simmons Hardware Company, is a creditor of M. F. Buvens. It sued out a writ of attachment upon which the property of the defendant was seized. It avers that immediately after, other creditors of the defendant sued out writs of attachment on suits contemporaneously filed against the same defendant.

There was testimony introduced in the District Court regarding

the ranking of the attachments. There was some contradiction among the witnesses. The clerk of the court testified that the writs in relator's case and that of Ardis & Co., another creditor at whose instance an attachment was issued, were issued together and handed to their attorney just a brief time before those of Ogilvie and Buckley, Currie & Co., other creditors who proceeded by attachment. This testimony is, in the main, corroborated. The testimony as to the time the seizure was made after the papers came into the hands of the sheriff was contradictory in some respects.

The returns on the attachment writs show that identically the same property was seized under all the writs.

The returns on the writs of relator and of Ardis & Co. show that the writs of attachment were executed on the 6th day of December, 1897, and in the other cases on the day following, but notices of attachment were all given the same day. The relator avers that the papers were served after the attachments had all been made just as they were numbered on the back of the suits.

These attaching creditors joined in an intervention to annul or subordinate the attachment of one of the creditors, Mrs. J. A. Hewitt, made as we take it, prior in time.

The District Court rendered judgment in favor of the intervenors subordinating her attachment to those of the intervenors, and decreeing that the amount realized on her attachment should be divided *pro rata* among the contesting intervenors.

From this judgment, the relator and Ardis & Co. appealed to the Court of Appeals; the judgment of the lower court was affirmed.

The following is a quotation from the opinion: the evidence shows that all "the attachments were sued out" substantially at the same time and executed concurrently. In any event "all the creditors joined in the suits—revocatory action—to annul or subordinate the attachments of the plaintiffs and should share in the privilege accorded the revoking creditors *pro rata*."

From the foregoing, it is evident that there was no contest regarding the law, and that the attachments as to priority of right are controlled by the time of day they were levied and not by reference exclusively to the day on which it was that the writs were executed by seizing the property.

The questions involved are exclusively of fact. Passing upon these facts both the District Court and the Court of Appeals held

that they were executed concurrently, questions of which a Court of Appeals has jurisdiction and is competent to finally determine.

Moreover the attaching creditors having joined in proceedings to avoid a privilege claimed under a prior attachment it was\just and proper to decide that the contesting creditors were entitled to a pro rata division of the proceeds arising from the privilege revoked.

It was a privilege securing a substantial right and the creditors came, as relates to concurrence, within the purview of the provision of the law relating to the revocation of conveyances and privileges. Article 1977, C. C.

The attachments were concurrently executed and the intervention, to which we have referred, joint; we think the conclusion was correct.

If we were to issue an order *nisi* it is manifest that our conclusion would be the same as now expressed.

The relator's application for a rule *nisi* is not granted.